IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMMERCIAL CASUALTY INSURANCE COMPANY OF GEORGIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2033C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in the first sentence of paragraph 5 to the extent supported by the documents cited, which are the best evidence of their contents. Denies the allegation contained in the second sentence of paragraph 5 that a

"true and accurate copy of the Bonds are attached," and avers that the attached documents lack signatures.

6. Admits.

7. Admits the allegations contained in the first sentence of paragraph 7, except avers that the contractor failed to complete the work within the time required under the contract, the contract itself being the best evidence of its contents; further avers that liquidated damages were properly assessed at the rate of $140 per day for 30 days, and that defendant is holding $48,425 under the contract. Denies the allegations in the second sentence of paragraph 7, and avers that the remaining contract balance is $48,425.

8. Denies the allegations contained in the first sentence of paragraph 8 as to whether plaintiff "paid numerous payment bond claims on behalf of principal FAS," for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in the first and second sentences of paragraph 8 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in paragraph 9.

10. Admits the allegations in paragraph 10 to the extent supported by plaintiff's letter dated October 25, 2002, the letter being the best evidence of its contents; otherwise denies the allegations in paragraph 10, and avers the proposed hold harmless agreement attached to plaintiff's letter dated October 25, 2002 did not meet the requirements of Federal Acquisition Regulation 28.106-7. The regulation cited is the best evidence of its contents.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits that no payment was made to plaintiff. The remaining allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Defendant's responses to paragraphs 1 through 12 of the complaint are incorporated by reference.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Denies the allegations contained in the first sentence

of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 15, or to any relief whatsoever.

17. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ JAMES M. KINSELLA
JAMES M. KINSELLA
Deputy Director

Of Counsel:

PAMELA J. NESTELL
Trial Attorney
Engineering Field Activity
Chesapeake
Litigation Headquarters
1314 Harwood St., S.E.
Washington, D.C. 20374
Tele: (202) 685-2136
Fax: (202) 433-2591

S/ KELLY B. WEISS
KELLY B. WEISS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

January 5, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 5, 2004, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. WEISS