IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMMERCIAL CASUALTY INSURANCE COMPANY OF GEORGIA, | ) | |
| Plaintiff, | ) | No. 03-2033C (Judge Firestone) |
| v. | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this joint preliminary status report ("JPSR").

a. Jurisdiction

Plaintiff states that the Court possesses jurisdiction to hear and decide this action pursuant to 28 U.S.C. § 1491. Defendant believes there may be a basis upon which to challenge the Court's jurisdiction.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated?

The parties agree that trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

The parties cannot state whether additional parties will be joined at this time. After sufficient discovery, defendant may submit a motion for a summons of the prime contractor, F.A.S. Development Company, Inc., pursuant to RCFC 14(a)(1).

g. Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56?

At this time, the parties cannot state whether dispositive motions will be filed. After sufficient discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. Defendant may submit a motion to dismiss pursuant to RCFC 12(b).

h. What are the relevant factual and legal issues?

Plaintiff's Issues:

F.A.S. Development Company, Inc. (hereinafter "FAS"), a construction contractor, entered into a contract ("Contract") with the Navy to perform a construction project known as "Naval Air Station, Atlanta, Marietta, Georgia, Replace 400 HZ Converter", contract number N62467-01-C-3215 ("Project"). Commercial Casualty, as Surety, issued contract payment and performance bonds in connection with the Project, identified by Bond number PPB4618230 (the "Bonds"). All work on the Project has been completed and there is a sum of money being retained by the Navy.

At the time that FAS completed its Contract with the Navy and fully performed its obligations for the Project, the Navy had not paid out the full amount of the contract price on the Project. The remaining contract balance for the Contract is at least $52,625.00. Commercial Casualty has paid numerous payment bond claims on behalf of principal FAS, and therefore, is equitably subrogated to the unpaid balance of the contract price remaining on the Project. Additionally, Commercial Casualty is an assignee of FAS's rights to payment pursuant to a provision of a General Agreement of Indemnity ("Indemnity Agreement") executed by FAS prior to issuance of the Bonds. Accordingly, Commercial Casualty is entitled to recover the remaining contract funds held by the Navy, which is at least $52,625.00. The specific amount will be proven at trial.

By letter dated October 25, 2002, and through numerous other communications, Commercial Casualty demanded payment of the remaining contract funds and provided Navy a Hold Harmless Agreement as dictated by Federal Acquisition Regulation 28.106-7. This regulation states, in pertinent part:

> (b) If, after completion of the contract work, the Government receives written notice from the surety regarding the contractor's failure to meet its obligation to its subcontractors or suppliers, the contracting officer shall withhold final payment. However, the surety must agree to hold the Government harmless from any liability resulting from withholding the final payment. The contracting officer will authorize final payment upon agreement between the contractor and surety or upon a judicial determination of the rights of the parties. Id.

Beyond the Indemnity Agreement referenced supra, FAS has also agreed to have the final payment from this contract made to Commercial Casualty by Assignment. Despite Commercial Casualty's providing the Hold Harmless Agreement and FAS's Assignment, Navy has refused to

make the final Contract payment to Commercial Casualty, in violation of F.A.R. 28.106-7. Commercial Casualty is entitled to the remaining contract funds being held by the Navy.

Defendant's Issues:

(1) Whether the Court possesses jurisdiction to entertain the surety's claim, allegedly arising under the equitable doctrine of subrogation, where the surety does not stand in the contractor's shoes.

(2) Whether the contractor's purported assignment of claims to plaintiff is invalid under the Assignment of Claims Act, 41 U.S.C. § 15, where plaintiff is not a financing institution as required by 41 U.S.C. § 15(b).

(3) Whether defendant may authorize final payment of withheld contract funds to plaintiff where plaintiff has not complied with Federal Acquisition Regulation 28.106-7 because i) plaintiff has not agreed to hold defendant harmless from liability resulting from withholding final payment from the contractor, and ii) there is neither an agreement between the contractor and plaintiff nor a judicial determination of the rights of the parties.

(4) Whether defendant may authorize release of withheld contract funds to plaintiff where plaintiff has provided no proof that it has discharged all of the claims of subcontractors upon contract number N62467-01-C-3215.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties will pursue settlement negotiations as appropriate as the litigation progresses. The parties have also agreed to consider, at an appropriate time, whether to pursue alternative dispute resolution.

j. Do the parties anticipate proceeding to trial?

As stated above, after sufficient discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. Defendant may also submit a motion to dismiss pursuant to RCFC 12(b). If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there other information of which the Court should be aware at this time?

No.

m. Joint Proposed Scheduling Plan

The parties agree that written and document discovery will be completed by August 31, 2004. The parties agree that, if depositions are necessary in this case, depositions will be completed by September 30, 2004. The parties do not intend to retain experts in this matter.

CONCLUSION

The parties respectfully request that the Court approve the schedule proposed above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ JAMES M. KINSELLA
JAMES M. KINSELLA
Deputy Director

S/ KELLY B. WEISS
KELLY B. WEISS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-1011
Fax. (202) 514-8624

February 26, 2004

Attorneys for Defendant

DeWITTE THOMPSON
Attorney
Thompson & Slagle, P.C.
3295 River Exchange Drive
Suite 300
Norcross, GA 30092
Tel. (770) 662-5999
Fax. (770) 447-6063

February 26, 2004

Attorney for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on February 26, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. WEISS