IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMMERCIAL CASUALTY INSURANCE COMPANY OF GEORGIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2033C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(d) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits Defendant's Proposed Findings of Uncontroverted Fact.

1. On June 25, 2001, the United States Department of the Navy ("Navy") awarded Contract No. N62467-01-C-3215 ("the contract") to F.A.S. Development Company, Inc. ("FAS"), to replace a 400Hz frequency converter at Naval Air Station Atlanta in Marietta, Georgia. Def. App. 1-3; Compl. ¶ 4.

2. On July 17, 2001, plaintiff, Commercial Casualty Insurance Company of Georgia ("Commercial Casualty" or "surety"), executed a performance bond in the amount of $108,768.00 and a payment bond in the amount of $108,768.00 in connection with and as required by the contract. Def. App. 5-8; Compl. ¶4.

3. On January 10, 2002, Commercial Casualty notified the Navy of outstanding claims by "subcontractors and vendors on projects bonded by the surety" upon behalf of FAS, and that no payments should be made to FAS. Def. App. 9.

4. On March 27, 2002, FAS and the Navy executed a bilateral modification,

Modification No. P00001, to amend the contract specifications, decrease the contract price from $108,768.00, to $52,625.00, and extend the contract completion date from October 9, 2001, to June 14, 2002. Def. App. 10-11. Subsequently, FAS and the Navy executed Modification No. P00002 to extend the contract completion date from June 14, 2002, to June 24, 2002. Def. App. 12. FAS completed its work upon the contract on or about July 24, 2002. Def. App. 20; Compl. ¶ 7.

5. On July 31, 2002, the Navy informed FAS that its request for an assignment of the contract balance to Commercial Casualty was denied pursuant to the Assignment of Claims Act, because "voluntary assignments of claims against the Government [are barred] unless the assignment is to a bank, trust, or financial institution." Def. App. 13.

6. On August 2, 2002, Commercial Casualty requested by letter that the Navy not release the contract funds to FAS but, instead, pay Commercial Casualty as the surety. Def. App. 16-18. In its letter, Commercial Casualty stated that it "is equitably subrogated to the contract funds through its payment of claims <u>on this</u> and other projects." Def. App. 17 (emphasis added). At that time, however, Commercial Casualty had paid no claims upon this contract. Def. App. 34-35.

7. On August 19, 2002, the Navy unilaterally issued Modification No. P00003 to the contract, assessing liquidated damages at $140.00 per day for 30 days in the amount of $4,200.00, and decreasing the contract price to $48,425.00. Def. App. 19-20. On September 10, 2002, FAS submitted a final invoice, release, and request for payment of the remaining contract balance of $48,425.00. Def. App. 21-23. The Navy has not paid FAS and continues to retain the contract funds. Compl. ¶ 6.

8. By letter dated September 16, 2002, Commercial Casualty notified the Navy that it had received claims for payment from FAS's subcontractors upon the contract, FCX Systems, Inc. and Rogers Electrical Contractors, Inc. ("Rogers Electric"), and demanded that the Navy make payment to Commercial Casualty. Def. App. 24-25. Commercial Casualty received claims from FAS's subcontractors totaling $37,209.00. Def. App. 26-32.

9. On July 31, 2003, Commercial Casualty sent a payment to Hatmaker and Associates, a debt collection agency hired by FCX Systems, in the amount of $25,644.00 for the labor and materials that FCX Systems provided upon the contract. Def. App. 33-34. Hatmaker and Associates kept 20 percent of the payment owed to FCX Systems as its fee for debt collection. Def. App. 40. Accordingly, FCX Systems only received $20,515.20 of the amount owed to it upon the contract. Id. The payment made by Commercial Casualty to FCX Systems was made pursuant to the payment bond issued by Commercial Casualty. Compl. ¶ 8.

10. Although FAS forwarded invoices from Rogers Electric to Commercial Casualty for payment on or about August 6, 2002, Rogers Electric has not received any payment from Commercial Casualty. Def. App. 26, 38-39.

11. Commercial Casualty filed a complaint in this Court on September 2, 2003.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ JAMES M. KINSELLA
JAMES M. KINSELLA
Deputy Director

OF COUNSEL:

PAMELA J. NESTELL
Trial Attorney
Engineering Field Activity
Chesapeake
Litigation Headquarters
1314 Harwood St., S.E.
Washington, D.C. 20374
Tele: (202) 685-2136

S/ KELLY B. BLANK
KELLY B. BLANK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 353-7961
Fax: (202) 353-7988

May 27, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 27, 2005, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK