**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| COMMERCIAL CASUALTY INSURANCE COMPANY OF GEORGIA, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | FILE NO. 03-2033C |
| | ) | (Judge Firestone) |
| UNITED STATES GOVERNMENT, DEPARTMENT OF THE NAVY, | ) | |
| Defendant. | ) | |

**<u>COMMERICAL CASUALTY INSURANCE COMPANY OF GEORGIA'S RESPONSE TO DEFENDANTS PROPOSED FINDINGS OF UNCONTROVERTED FACT</u>**

COMES NOW, Commercial Casualty Insurance Company of Georgia (hereinafter referred to as "Commercial Casualty" or "Plaintiff"), and makes and files this, its Response to Defendants Proposed Findings of Uncontroverted Fact, in support of Defendants Motion to Dismiss, or in the alternative, for Summary Judgment against Commercial Casualty and shows this Court the following:

1.

Admit.

2.

Disputed. Commercial Casualty Admits that it issued a performance and payment bond in the amount of $108,768.00 for the benefit of F.A.S. Development Company, Inc. ("FAS") as principal and the United States of America as obligee ("Bond"). This document speaks for itself and

Commercial Casualty denies the remaining statements within paragraph 2 of Defendant's Proposed Findings of Uncontroverted Fact.

3.

Admit.

4.

Disputed. Commercial Casualty admits that Def. App. 10-11 appears to be a true and accurate copy of Modification No. P00001. Commercial Casualty admits that Def. App. 20 appears to be a true and accurate copy of Modification No. P00002. Commercial Casualty cannot admit or deny the last sentence of paragraph 4 of Defendant's Proposed Findings of Uncontroverted Fact and therefore denies those statements. Modification No. P00001 and Modification No. P00002 speak for themselves and Commercial Casualty denies the remaining statements of paragraph 4 Defendant's Proposed Findings of Uncontroverted Fact.

5.

Disputed. On July 31, 2002 the United States Department of the Navy ("Navy") informed FAS that its request for assignment was "unapproved." Commercial Casualty disagrees with the Navy's refusal to approve this assignment and therefore denies the remaining statements of paragraph 5.

6.

Disputed. Commercial Casualty admits the first sentence of paragraph 6 of Defendant's Proposed Findings of Uncontroverted Fact. Commercial Casualty admits the second sentence of paragraph 6 of Defendant's Proposed Findings of Uncontroverted Fact. Commercial Casualty denies the third sentence of Defendant's Proposed Findings of Uncontroverted Fact as written.

Within its letter of August 2, 2002, Commercial Casualty was stating why it would be equitably subrogated. In fact, a payment was ultimately made by Commercial Casualty under the Bond.

7.

Disputed. Commercial Casualty admits that Def. App. 19-20 appears to be a true and accurate copy of Modification No. P00003. Commercial Casualty admits that Def. App. 21-23 appears to be a true and accurate copy of the Final Invoice from FAS dated September 10, 2002 ("Final Invoice"). Based upon information and belief Commercial Casualty admits that the Navy has not paid FAS and continued to retain the contract funds. Modification No. P00003 and the Final Invoice speak for themselves and Commercial Casualty denies the remaining statements of paragraph 7 Defendant's Proposed Findings of Uncontroverted Fact.

8.

Disputed. Commercial Casualty admits the first sentence of Defendant's Proposed Findings of Uncontroverted Fact. Commercial Casualty denies the second sentence of Defendant's Proposed Findings of Uncontroverted Fact. Based upon information and belief the total amount of claims made under the Bond for this Project was $37,209.00. However, a significant amount of additional claims were presented and paid on additional projects bonded by Commercial Casualty for the benefit of FAS.

9.

Disputed. Commercial Casualty admits the first sentence of Defendant's Proposed Findings of Uncontroverted Fact. Commercial Casualty cannot admit or deny the statements contained in the second sentence of Defendant's Proposed Findings of Uncontroverted Fact and therefore denies those statements. Commercial Casualty cannot admit or deny the statements contained in the third

sentence of Defendant's Proposed Findings of Uncontroverted Fact and therefore denies those statements. Commercial Casualty admits the statements contained in the forth sentence of Defendant's Proposed Findings of Uncontroverted Fact.

10.

Disputed. Commercial Casualty denies that Def. App. 26 is adequate to prove the date Commercial Casualty received documentation regarding the claim of Rogers Electric. FAS cannot speak for Commercial Casualty. Commercial Casualty admits that it has not paid any money to Rogers Electric as their claim on the Bond was untimely.

11.

Admit.

This 24th day of June, 2005.

Respectfully submitted,

THOMPSON, SLAGLE & HANNAN, LLC
s/DeWitte Thompson
DeWitte Thompson
Georgia Bar No. 707688

12000 Findley Road
Suite 250
Duluth, Georgia 30097

(770) 662-5999
(770) 447-6063 Facsimile
dthompson@thompsonandslagle.com

Attorney for Plaintiff

Dated: June 24, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day filed the within and foregoing COMMERICAL CASUALTY INSURANCE COMPANY OF GEORGIA'S RESPONSE TO DEFENDANTS PROPOSED FINDINGS OF UNCONTROVERTED FACT electronically and by U.S. Mail with adequate postage affixed to ensure delivery, to the following:

Kelly B. Blank
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classified Unit, 8th Floor
1100 L St., NW
Washington, DC 20530

This 24th day of June, 2005.

THOMPSON, SLAGLE & HANNAN, LLC

s/DeWitte Thompson
DeWitte Thompson
Georgia Bar No. 707688

12000 Findley Road
Suite 250
Duluth, Georgia 30097

(770) 662-5999
(770) 447-6063 Facsimile
dthompson@thompsonandslagle.com

Attorney for Plaintiff

Dated: June 24, 2004