**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| COMMERCIAL CASUALTY INSURANCE COMPANY OF GEORGIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO. 03-2033C (Judge Firestone) |
| UNITED STATES GOVERNMENT, DEPARTMENT OF THE NAVY, | ) | |
| Defendant. | ) | |

**COMMERCIAL CASUALTY INSURANCE COMPANY'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

COMES NOW, Commercial Casualty Insurance Company (hereinafter referred to as "Commercial Casualty" or "Plaintiff"), and makes and files this, its Proposed Findings of Uncontroverted Fact, in support of its Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and shows this Court the following undisputed issues of material fact:

1.

F.A.S. Development Company, Inc., (hereinafter "FAS") a construction contractor, entered into a contract ("Contract") with the United States Department of the Navy ("Navy" or "Defendant") to perform a construction project known as "Naval Air Station, Atlanta, Marietta, Georgia, Replace 400 HZ Converter", contract number N62467-01-C-3215 ("Project"). See Def. App. 1-3. Commercial Casualty Complaint ¶ 4.

2.

Commercial Casualty, as Surety, issued contract payment and performance bonds in connection with the Project, identified by Bond number PPB4618230 (the "Bonds"). A true and accurate copy of the Bonds are attached to Commercial Casualty's Complaint as Exhibit "A," and are incorporated herein by reference.

3.

On January 10, 2002, Commercial Casualty notified the Navy of outstanding claims by "subcontractors and vendors on projects bonded by surety, making it imperative that the funds on the captioned job [Project] be properly directed and/or used in the process by the surety in obtaining equitable subrogation." See Def. App. 9.

4.

All work on the Project has been completed by F.A.S. Development Company, Inc. ("FAS") under its Contract with the Navy. See Paragraph 4 of Defendant's Proposed Findings of Uncontroverted Fact.

5.

The remaining Contract funds being held by the Navy on the Contract are $52,625.00. See Def. App. 10-11.

6.

At the time that FAS completed its Contract with the Navy and fully performed its obligations under the Contract for the Project, the Navy had not paid out the full amount of the contract price on the Project. See Paragraph 7 of Defendant's Proposed Findings of Uncontroverted Fact.

7.

Commercial Casualty has paid payment bond claims on behalf of its principal FAS on the above-referenced Bond. See Def. App. 33-34.

8.

FAS executed and delivered to Plaintiff a General Agreement of Indemnity ("Indemnity Agreement") prior to issuing the Bond to FAS. Indemnity Agreement attached to Commercial Casualty's Complaint as Exhibit "B" and incorporated herein by reference.

9.

Commercial Casualty has made demand on Navy for the remaining Contract balance. See Def. App. 16-18.

10.

Commercial Casualty has notified the Navy that it had received claims for payment from FAS's subcontractors on the Project. See Def. App. 24-25.

11.

Commercial Casualty is an assignee of FAS's rights to payment pursuant to a provision of an Indemnity Agreement executed by FAS prior to issuance of the Bonds. A copy of the Indemnity Agreement is attached to Commercial Casualty's Complaint as Exhibit "B."

12.

By letter dated October 25, 2002, a true and correct copy of which is attached to the Complaint as Exhibit C, and through numerous other communications, Commercial Casualty demanded payment of the remaining Contract funds and provided Navy a hold harmless agreement ("Hold Harmless Agreement," attached to Complaint as Exhibit "D").

13.

Beyond the Indemnity Agreement referenced supra, FAS has also agreed to have the final payment from this Contract made to Commercial Casualty ("Assignment"). (See Assignment, attached to Complaint as Exhibit E and incorporated herein by reference.)

14.

Despite Commercial Casualty's providing the Hold Harmless Agreement and FAS's Assignment, Navy has refused to make the final Contract payment to Commercial Casualty. See Paragraph 7 of Defendant's Proposed Findings of Uncontroverted Fact.

15.

On March 5, 2004 FAS was administratively dissolved by and through the United States Bankruptcy Court for the Northern District of Georgia, under Chapter 7 of the Rules of Bankruptcy, case no. 03-95373-jb.

This 24th day of June, 2005.

Respectfully submitted,

THOMPSON, SLAGLE & HANNAN, LLC

s/DeWitte Thompson
DeWitte Thompson
Georgia Bar No. 707688

12000 Findley Road
Suite 250
Duluth, Georgia 30097

(770) 662-5999
(770) 447-6063 Facsimile
dthompson@thompsonandslagle.com

Attorney for Plaintiff

Dated: June 24, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day filed the within and foregoing COMMERCIAL CASUALTY INSURANCE COMPANY'S PROPOSED FINDINGS OF UNCONTROVERTED FACT electronically and by U.S. Mail with adequate postage affixed to ensure delivery, to the following:

Kelly B. Blank
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classified Unit, 8th Floor
1100 L St., NW
Washington, DC 20530

This 24th day of June, 2005.

THOMPSON, SLAGLE & HANNAN, LLC

s/DeWitte Thompson
DeWitte Thompson
Georgia Bar No. 707688

12000 Findley Road
Suite 250
Duluth, Georgia 30097

(770) 662-5999
(770) 447-6063 Facsimile
dthompson@thompsonandslagle.com

Attorney for Plaintiff

Dated: June 24, 2004