IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMMERCIAL CASUALTY INSURANCE COMPANY OF GEORGIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2033C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response to plaintiff's proposed findings of uncontroverted fact.

Pursuant to RCFC 56(h)(1), a party's proposed findings shall "set[] forth all of the material facts upon which the party bases its motion and as to which the party believes there is no genuine dispute." RCFC 56(h)(1) (emphasis added). Plaintiff, Commercial Casualty Insurance Company of Georgia ("Commercial Casualty" or "surety"), has submitted proposed findings that include arguments pertaining to matters of law. To the extent that Commercial Casualty's proposed findings advance legal arguments or are conclusions of law, we object to such proposed "findings" upon the ground that they are outside the scope of RCFC 56(h)(1) and (2). In addition, we object to those of Commercial Casualty's proposed findings which include facts immaterial to the outcome of the Government's motion for summary judgment.

DEFENDANT'S RESPONSES

1. F.A.S. Development Company, Inc., (hereinafter "FAS") a construction contractor, entered into a contract ("Contract") with the United States Department of the Navy ("Navy" or "Defendant" to perform a construction project known as "Naval Air Station, Atlanta, Marietta, Georgia, Replace 400 HZ Converter", contract number N62467-01-C-3215 ("Project"). See Def. App. 1-3. Commercial Casualty Complaint ¶ 4.

Response: Admits.

2. Commercial Casualty, as Surety, issued contract payment and performance bonds in connection with the Project, identified by Bond number PPB4618230 (the "Bonds"). A true and accurate copy of the Bonds are attached to Commercial Casualty's Complaint as Exhibit "A," and are incorporated herein by reference.

Response: Admits that Commercial Casualty, as Surety, issued contract payment and performance bonds in connection with the Project, identified by bond number PPB4618230. The copy of the bonds attached to the complaint are unsigned, and, therefore, are not true and accurate copies of the bonds. See Def. App. 5-8.

3. On January 10, 2002, Commercial Casualty notified the Navy of outstanding claims by "subcontractors and vendors on projects bonded by surety, making it imperative that the funds on the captioned job [Project] be properly directed and/or used in the process by the surety in obtaining equitable subrogation." See Def. App. 9.

Response: Defendant agrees to the extent supported by the document cited, which is the best

evidence of its contents.

4. All work on the Project has been completed by F.A.S. Development Company, Inc. ("FAS") under its Contract with the Navy. See Paragraph 4 of Defendant's Proposed Findings of Uncontroverted Fact.

Response: Admits.

5. The remaining Contract funds being held by the Navy on the Contract are $52,625.00. See Def. App. 10-11.

Response: Denies. On August 19, 2002, the Government unilaterally issued Modification No. P00003 to the contract, assessing liquidated damages at $140.00 per day for 30 days in the amount of $4,200.00, and decreasing the contract price to $48,425.00. Def. App. 19-20. FAS submitted a final invoice and release for $48,425.00, which is the amount remaining on the contract. Def. App. 21-23.

6. At the time that FAS completed its Contract with the Navy and fully performed its obligations under the Contract for the Project, the Navy had not paid out the full amount of the contract price on the Project. See Paragraph 7 of Defendant's Proposed Findings of Uncontroverted Fact.

Response: Admits that FAS completed performance required under the contract. Defendant avers that the contractor failed to complete the work within the time required under the contract, the contract itself being the best evidence of its contents. Defendant further avers that liquidated

damages were properly assessed at the rate of $140 per day for 30 days, and that defendant is holding $48,425 under the contract. See Def. App. 19-20.

7. Commercial Casualty has paid payment bond claims on behalf of its principal FAS on the above-referenced Bond. See Def. App. 33-34.

Response: Denies that Commercial Casualty paid "claims" upon its payment bond. Defendant avers that, on July 31, 2003, Commercial Casualty sent a payment to Hatmaker and Associates, a debt collection agency hired by FCX Systems, Inc., in the amount of $25,644.00 for the labor and materials that FCX Systems provided upon the contract. Def. App. 33-34. Defendant further avers Commercial Casualty denied the claim of Rogers Electric for its work under the contract. Def. App. 35-39.

8. FAS executed and delivered to Plaintiff a General Agreement of Indemnity ("Indemnity Agreement") prior to issuing the Bond to FAS. Indemnity Agreement attached to Commercial Casualty's Complaint as Exhibit "B" and incorporated herein by reference.

Response: Admits.

9. Commercial Casualty has made demand on Navy for the remaining Contract balance. See Def. App. 16-18.

Response: Defendant agrees to the extent supported by the document cited, which is the best evidence of its contents.

10. Commercial Casualty has notified the Navy that it had received claims for payment from FAS's subcontractors on the Project. See Def. App. 24-25.

Response: Defendant agrees to the extent supported by the document cited, which is the best evidence of its contents.

11. Commercial Casualty is an assignee of FAS's rights to payment pursuant to a provision of an Indemnity Agreement executed by FAS prior to issuance of the Bonds. A copy of the Indemnity Agreement is attached to Commercial Casualty's Complaint as Exhibit "B."

Response: Defendant objects to this proposed finding because it contains a legal conclusion to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required. Without waiving this objection, defendant denies that any assignment to Commercial Casualty is a valid against the United States.

12. By letter dated October 25, 2002, a true and correct copy of which is attached to the Complaint as Exhibit C, and through numerous other communications, Commercial Casualty demanded payment of the remaining Contract funds and provided Navy a hold harmless agreement ("Hold Harmless Agreement," attached to Complaint as Exhibit "D').

Response: Defendant agrees to the extent supported by the October 25, 2002, letter cited, as the letter is the best evidence of its contents. Defendant denies that the proposed hold harmless agreement attached to plaintiff's letter dated October 25, 2002, met the requirements of Federal Acquisition Regulation 28.106-7.

13. Beyond the Indemnity Agreement referenced supra, FAS has also agreed to have the final payment from this Contract made to Commercial Casualty ("Assignment"). (See Assignment, attached to Complaint as Exhibit E and incorporated herein by reference.)

Response: Defendant objects to this proposed finding because it contains a legal conclusion to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required. Without waiving this objection, defendant denies that any assignment to Commercial Casualty is a valid against the United States. Def. App. 13.

14. Despite Commercial Casualty's providing the Hold Harmless Agreement and FAS's Assignment, Navy has refused to make the final Contract payment to Commercial Casualty. See Paragraph 7 of Defendant's Proposed Findings of Uncontroverted Fact.

Response: Defendant objects to this proposed finding because it contains a legal conclusion to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required. Without waiving this objection, defendant agrees that the Government continues to retain the contract funds and has made no payment to either FAS or Commercial Casualty.

15. On March 5, 2004 FAS was administratively dissolved by and through the United States Bankruptcy Court for the Northern District of Georgia, under Chapter 7 of the Rules of Bankruptcy, case no. 03-95373-jb.

Response: Denies. There is no evidence, and plaintiff has presented none, that FAS has been dissolved. In the bankruptcy proceeding, the estate was closed and the trustee was discharged on March 5, 2004. Moreover, it is possible that the bankruptcy trustee could reopen the bankruptcy

upon discovery of contract funds owed to the debtor, which were not disclosed by either FAS or Commercial Casualty during prior bankruptcy proceedings, for distribution to priority claimants.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 307-0300
Fax: (202) 305-7643
Attorneys for Defendant

OF COUNSEL:

PAMELA J. NESTELL
Trial Attorney
Naval Facilities Engineering Command
Litigation Headquarters
702 Kennon St., S.E, Room 136
Washington, D.C. 20374
Tele: (202) 685-2136

August 18, 2006